IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WARREN MORRIS, # B-77336, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-00924-NJR |
| ) | |
| JACQUELINE LASHBROOK, ) | |
| BETSEY SPILLER, ) | |
| CHRISTINE BROWN, ) | |
| MICHAEL D. SCOTT, ) | |
| and LT. WALLS, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff Warren Morris, an inmate who is currently incarcerated at Pinckneyville Correctional Center ("Pinckneyville"), brings this civil rights action *pro se* pursuant to 42 U.S.C. § 1983 (Doc. 1). In his complaint, Plaintiff claims that Pinckneyville officials denied him adequate medical care for a right hand fracture that he sustained on or around March 18, 2016 (Doc. 1, p. 5). Treatment for the injury was delayed unnecessarily. Consequently, Plaintiff's hand did not heal properly. He now names Jacqueline Lashbrook (warden), Betsey Spiller (assistant warden), Christine Brown (health care unit administrator), Michael Scott (doctor), and Lieutenant Walls in connection with several Eighth Amendment claims. Plaintiff seeks monetary damages (*id*. at 6).

### Merits Review Under 28 U.S.C. § 1915A

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to

dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

## The Complaint

Plaintiff allegedly fractured a bone in his right hand on or around March 18, 2016 (Doc. 1, p. 5). X-rays revealed a comminuted facture of the third metacarpal. Doctor Scott, a prison physician, examined Plaintiff's hand and decided to refer him to an orthopedist for further evaluation and treatment (*id.*).

Following Plaintiff's examination, Lieutenant Walls placed him in handcuffs and escorted him to segregation. Prison officials ignored Plaintiff's injury for the next week. During this time, Plaintiff was not taken to see an orthopedist, he was not seen by the prison's medical staff, and he was not given any pain medication (*id.*).

On or around March 28, 2016, Plaintiff spoke with Nurse Lottie and requested treatment. He met with Doctor Scott the following day. At the appointment, Doctor Scott informed Plaintiff that his request for a referral to an outside specialist was approved six days earlier on March 23, 2016. At the appointment, the doctor prescribed Plaintiff tramadol (100 mg) for pain (*id.*).

Although the allegations are not altogether clear, the complaint suggests that Plaintiff was eventually seen by an orthopedist on April 5, 2016. Due to the delay in treatment, however, his fracture healed improperly. Plaintiff also suffered from pain that was unnecessarily prolonged by the delay (*id.*).

Plaintiff names five Pinckneyville officials in connection with claims of cruel and unusual punishment under the Eighth Amendment. His claim against Warden Lashbrook arises

from a policy, custom, or widespread practice of denying all "medical writ[s], court writ[s], or transfers," as well as the warden's denial of an emergency grievance seeking treatment (*id*. at 1; Doc. 1-1, pp. 27-28). Plaintiff's claim against Assistant Warden Spiller and Administrator Brown arise from their supervisory roles over the HCU and individuals who work there (Doc. 1, p. 2). He names Doctor Scott for delaying necessary treatment for his fractured hand and associated pain (*id*. at 5). Finally, Plaintiff claims that Lieutenant Walls subjected him to cruel and unusual punishment when requiring him to wear handcuffs with a fractured metacarpal (*id*.). Plaintiff seeks monetary relief against the defendants (*id*. at 6).

## Discussion

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(e) and 10(b), the Court deems it appropriate to organize the claims in Plaintiff's *pro se* complaint into the following two counts:

> **Count 1:** **Defendants exhibited deliberate indifference to Plaintiff's serious medical needs when they delayed treatment for his fractured right third metacarpal on or around March 18, 2016.**
>
> **Count 2:** **Defendant Walls engaged in the unauthorized use of force when requiring Plaintiff to wear handcuffs with a broken right hand on or around March 18, 2016.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding the merits of either claim.

*Count 1*

Plaintiff's first claim against the defendants arises from the alleged delay and/or denial of adequate medical care for his fractured hand. A prison official violates the Eighth Amendment

right to be free from cruel and unusual punishment when he or she exhibits deliberate indifference to an inmate's serious medical needs. *Conley v. Birch*, 796 F.3d 742, 746 (7th Cir. 2015) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). In order to state a claim, the complaint must suggest that the plaintiff's medical condition was sufficiently serious (*i.e.*, an objective standard) and that state officials acted with deliberate indifference to his medical needs (*i.e.*, a subjective standard). *Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The injury described in the complaint qualifies as an objectively serious medical need for screening purposes. *Conley*, 796 F.3d at 747 (finding that a suspected hand facture qualifies as a serious medical need); *Roe v. Elyea*, 631 F.3d 843, 861 (7th Cir. 2011) (recognizing that "a broad range of medical conditions may be sufficient to meet the objective prong of a deliberate indifference claim, including a dislocated finger . . ."). Plaintiff's fractured metacarpal, resulting disfigurement, and associated pain satisfy the objective component of this Eighth Amendment claim.

But, in order for Plaintiff to proceed with this claim, the complaint also must suggest that each defendant responded to his serious medical need with deliberate indifference, which is a subjective standard. The Supreme Court has interpreted this standard as requiring a plaintiff to establish that each defendant acted with reckless disregard of a substantial risk to inmate health. *Conley*, 796 F.3d at 746 (citing *Farmer v. Brennan*, 511 U.S. 825, 836 (1994)). Mere negligence, or even gross negligence, does not satisfy this standard. *Id*. at 746 (citing *Farmer*, 511 U.S. at 838).

The allegations in the complaint support a claim of deliberate indifference against Doctor Scott at this stage. The doctor diagnosed Plaintiff with a fractured hand on or around March 18, 2016 (Doc. 1, p. 5). He explained that a specialist would need to evaluate and treat Plaintiff.

Despite the diagnosis and treatment plan, Plaintiff was not seen by a specialist until April 5, 2016. While Plaintiff waited for this appointment, Doctor Scott did not treat him for pain until March 29, 2016 (*id.*). These allegations suggest that the doctor may have responded to Plaintiff's injury and his associated pain with deliberate indifference. Accordingly, Count 1 is subject to further review against Doctor Scott.

The Court will also allow this claim to proceed against Warden Lashbrook, based on a grievance that Plaintiff filed along with the complaint (Doc. 1-1, pp. 27-28). The grievance, dated March 30, 2016, is marked as "received" by the warden, signed, and denied. In it, Plaintiff complains about his fractured hand and delay in treatment. He seeks immediate treatment by a specialist and/or at a hospital (*id.*). The grievance was denied before Plaintiff was referred to a specialist for further evaluation and treatment, and no allegations suggest that the warden took any steps on Plaintiff's behalf to secure treatment. Under the circumstances, the Court cannot dismiss this claim against Warden Lashbrook. *See, .e.g.*, *Perez v. Fenoglio*, 792 F.3d 768, 781 (7th Cir. 2015) (allegations that grievance official obtained actual knowledge of serious medical need and inadequate medical care through plaintiff's "highly detailed grievances and other correspondences" are sufficient to form a basis for personal liability under the Eighth Amendment).

However, this claim does not survive preliminary screening against any other defendants. Plaintiff names two other high-ranking officials, including Pinckneyville's assistant warden (Spiller) and HCU administrator (Brown), in connection with Count 1. His deliberate indifference claim against these individuals is based entirely on a theory of *respondeat superior*. Liability under § 1983 cannot be predicated upon this doctrine. *Perez*, 792 F.3d at 781. Plaintiff must instead allege that each defendant, through his or her own conduct, violated his

Eighth Amendment rights. *Id*. at 781 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)). In this case, the statement of claim does not include allegations suggesting that either of these defendants was personally involved in any decision regarding Plaintiff's treatment or that these defendants knew about Plaintiff's untreated fracture and associated pain. A review of the exhibits reveals no separate communication or grievance addressed to either of these defendants. In fact, Plaintiff does not even mention Assistant Warden Spiller or Administrator Brown in his statement of claim. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Count 1 shall be dismissed with prejudice against both of these defendants.

Likewise, this claim cannot proceed against Lieutenant Walls. The only allegation against this defendant is that the lieutenant placed handcuffs on Plaintiff and escorted him to segregation (Doc. 1, p. 5). Plaintiff includes no allegations suggesting that the lieutenant knew that Plaintiff's right hand was fractured when cuffing him. If the complaint alleged that the doctor or Plaintiff informed the lieutenant about the injury, this claim might survive preliminary review. Had Plaintiff alleged that the injury was obvious or that he screamed out in pain, this claim might proceed against the lieutenant. Absent any allegations to this effect, however, Plaintiff has no claim against this defendant. As the United States Supreme Court and Seventh Circuit have both recognized, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause of commendation, cannot . . . be condemned as the infliction of punishment" under the Eighth Amendment. *Conley*, 796 F.3d at 746-47 (quoting *Farmer*, 511 U.S. at 838). Under the circumstances, Count 1 shall be dismissed without prejudice against Lieutenant Walls.

In summary, **Count 1** shall receive further review against Doctor Scott and Warden Lashbrook. This claim shall be dismissed with prejudice against Assistant Warden Spiller and Administrator Brown and without prejudice against Lieutenant Walls.

*Count 2*

The excessive force claim against Lieutenant Walls fails for the same reason that the medical needs claim fails. Both claims arise under the Eighth Amendment, and all Eighth Amendment claims include an objective and a subjective component. *See McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994); *Wilson v. Seiter*, 501 U.S. 294, 302-04 (1991). The allegations do not satisfy the subjective component of this claim. "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishment Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Plaintiff must establish that the lieutenant "acted wantonly." *Id.* (citing *Harper v. Albert*, 400 F.3d 1052, 1065 (7th Cir. 2005)).

As discussed above, no allegations suggest that the lieutenant acted with the requisite state of mind. It is unclear whether the lieutenant even knew about Plaintiff's injuries. Certainly, the complaint lacks any suggestion that the lieutenant acted "maliciously and sadistically" in an effort to cause Plaintiff harm when requiring him to wear handcuffs on March 18, 2016. Accordingly, **Count 2** shall be dismissed without prejudice against Lieutenant Walls. And, because no other defendants are named in connection with this claim, this claim shall be dismissed with prejudice against all others.

**Pending Motions**

The motion for service of process at government expense (Doc. 4) is **GRANTED in part** as to Defendants **SCOTT** and **LASHBROOK** and **DENIED in part** as to Defendants **SPILLER, BROWN,** and **WALLS**.

The two motions for recruitment of counsel (Docs. 6 and 7) shall be **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for a decision.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 1** is subject to further review against Defendants **SCOTT** and **LASHBROOK** in their individual capacities only; the official capacity claim against each of these defendants is **DISMISSED without prejudice** because Plaintiff seeks only monetary damages and not injunctive relief.

**IT IS FURTHER ORDERED** that **COUNTS 1** and **2** are **DISMISSED without prejudice** against Defendant **WALLS** for failure to state a claim upon which relief may be granted. These claims are **DISMISSED with prejudice** against Defendants **SPILLER** and **BROWN** for the same reason.

**IT IS ORDERED** that Defendant **WALLS** is **DISMISSED without prejudice** from this action, and Defendants **SPILLER** and **BROWN** are **DISMISSED with prejudice**.

With regard to **COUNT 1**, the Clerk shall prepare for Defendants **SCOTT** and **LASHBROOK**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the

Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to United States Magistrate Judge **Donald G. Wilkerson** for further pre-trial proceedings, including a decision on Plaintiff's two motions for recruitment of counsel (Docs. 6 and 7), pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.* Further, this entire matter shall be **REFERRED** to United States Magistrate Judge **Wilkerson** for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, regardless of the fact that his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: September 19, 2016**

*[signature: Nancy J. Rosenstengel]*

**NANCY J. ROSENSTENGEL**
**United States District Judge**