IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WARREN MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-924-NJR-DGW |
| | ) | |
| JACQUELINE LASHBROOK and MICHAEL D. SCOTT, | ) ) ) | |
| Defendants. | ) | |

**ORDER**

**WILKERSON, Magistrate Judge:**

Now pending before the Court are the motion to amend filed by Plaintiff, Warren Morris, on October 27, 2016 (Doc. 18), the motions for recruitment of counsel filed by Plaintiff on December 2, 2016 and January 23, 2017 (Docs. 27 and 35), and the Motion for Settlement filed by Plaintiff on January 23, 2017 (Doc. 34). The motion to amend is **GRANTED**, the motions for recruitment of counsel are **DENIED**, and the motion for settlement conference is **DENIED WITHOUT PREJUDICE**.

Federal Rule of Civil Procedure 15(a) provides that a party may amend a pleading and that leave to amend should be freely given "when justice so requires." The Seventh Circuit maintains a liberal attitude toward the amendment of pleadings "so that cases may be decided on the merits and not on the basis of technicalities." *Stern v. U.S. Gypsum, Inc.*, 547 F.2d 1329, 1334 (7th Cir. 1977). The Circuit has recognized that "the complaint merely serves to put the defendant on notice and is to be freely amended or constructively amended as the case develops, as long as amendments do not unfairly surprise or prejudice the defendant." *Toth v. USX Corp.*, 883 F.2d 1297, 1298 (7th Cir. 1989); *see also Winger v. Winger*, 82 F.3d 140, 144 (7th Cir. 1996) (quoting

*Duckworth v. Franzen*, 780 F.2d 645, 649 (7th Cir. 1985) ("The Federal Rules of Civil Procedure create [a system] in which the complaint does not fix the plaintiff's rights but may be amended at any time to conform to the evidence.")). A court may nonetheless deny a party leave to amend if there is undue delay, dilatory motive or futility. *Guise v. BMW Mortgage, LLC*, 377 F.3d 795, 801 (7th Cir. 2004). Defendants have not respondED to the motion to amend; as such, there is no showing of undue delay, dilatory motive or futility that would warrant denying the motion.

Pursuant to an Order entered on September 19, 2016, Plaintiff is proceeding on one count that Defendants Scott and Lashbrook exhibited deliberate indifference to his medical needs, namely a broken hand. Plaintiff now seeks to reinstate a count that was dismissed without prejudice: that Lieutenant Walls used excessive force in handcuffing Plaintiff while his hand was broken. Plaintiff has corrected the deficiencies in this claim by specifically alleging that Lieutenant Walls was aware that his hand was broken but nonetheless handcuffed him on March 21, 2016. Defendants have not objected. In light of the liberal amendment standard, Plaintiff will now be proceeding on two counts:

> **Count 1: Defendants Lashbrook and Scott exhibited deliberate indifference to Plaintiff's serious medical needs when they delayed treatment for his fractured right third metacarpal on or around March 18, 2016.**
>
> **Count 2: Defendant Walls engaged in the unauthorized use of force when requiring Plaintiff to wear handcuffs with a broken right hand on or around March 18, 2016.**

Once the amended complaint is filed, Defendants shall respond consistent with Federal Rule of Civil Procedure Rule 12. In a related matter, Plaintiff has filed replies to the answers (Docs. 28 and 29). Federal Rule of Civil Procedure 7 does not permit such a filing absent a Court Order, which has not been entered in this case. As such, those replies (Docs. 28 and 29) are

**STRICKEN**. Plaintiff shall not file replies to answers unless specifically directed to do so by the Court.

Plaintiff has filed two motions (in addition to three previous motions) seeking recruitment of counsel. Plaintiff states that he suffers from severe depression for which he is currently not taking medication (because of other health issues) but for which he is enrolled in monthly therapy sessions. He further states that he has received assistance from jailhouse lawyers and various resources at the prison in order to prosecute this matter. In previous motions for recruitment of counsel, Plaintiff did not set forth that he suffered from depression or that he was taking medications (which he was taking at the time that he filed his previous requests for counsel) (*See* Docs. 6, 7, and 17). From Plaintiff's filings, it is abundantly clear that he is capable of understanding the orders of this Court and submit documents that correct deficiencies that are noted. Again, at this time, counsel will not be recruited because Plaintiff appears capable of prosecuting his relatively simple claims without counsel.

Finally, to the extent that Plaintiff seeks to settle this matter, he must first raise the possibility of settlement with defense counsel. If both he and defense counsel believe that a settlement conference would be beneficial, the Court will consider such a joint motion and set a conference.

CONCLUSION

For the foregoing reasons, the motion to amend filed by Plaintiff, Warren Morris, on October 27, 2016 (Doc. 18) is **GRANTED**, the motions for recruitment of counsel filed by Plaintiff on December 2, 2016 and January 23, 2017 (Docs. 27 and 35) are **DENIED**, and the Motion for Settlement filed by Plaintiff on January 23, 2017 (Doc. 34) is **DENIED WITHOUT PREJUDICE.**

Plaintiff shall proceed on two counts in this matter:

**Count 1: Defendants Lashbrook and Scott exhibited deliberate indifference to Plaintiff's serious medical needs when they delayed treatment for his fractured right third metacarpal on or around March 18, 2016.**

**Count 2: Defendant Walls engaged in the unauthorized use of force when requiring Plaintiff to wear handcuffs with a broken right hand on or around March 18, 2016.**

The Clerk of Court is **DIRECTED** to file Plaintiff's Amended Complaint forthwith.

The Clerk of Court is further **DIRECTED** to prepare for Defendant **LIEUTENANT WALLS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to the Defendant's place of employment, the Pinckneyville Correctional Center. If Defendant Walls fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Walls, and the Court will require that Walls pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Lieutenant Walls no longer can be found at the Pinckneyville Correctional Center, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the

Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

**IT IS SO ORDERED**

**DATED: February 8, 2017**

*Donald Wilkerson*

**DONALD G. WILKERSON**
**United States Magistrate Judge**